## W. B. Waldrep v. G. P. Roquemore et al.

### Decided March 30, 1910.

**1.—Plea of Privilege—Assignment of Claim.**

Owners of a claim transferred it to plaintiff with guaranty of recovery and he sued them and the debtor in the county of the residence of one of the guarantors, the debtor pleading his right to be sued in his own county. It appearing from a written contract cotemporary with the assignment that the consideration was that the assignors were to be paid the amount recovered, less ten percent to be retained by the assignee, and were to assume liability for costs, the assignors appeared jointly interested with the assignee, and not adversely to him in the claim sued on, and defendant could not be deprived of his privilege by making them defendants.

**2.—Same.**

Where the assignment of a claim was only colorable and done to enable the assignee to sue the debtor, not in the county of his residence but in that

of the assignor, his plea of privilege should be sustained. Evidence considered and held to establish such defense.

**3.—Plea of Privilege—Waiver—Continuance.**

Defendant who had plead in abatement his right to be sued in the county of his residence, and asked trial of such issue in limine, did not, when the court refused such trial until the submission of the case on the merits, waive his plea by taking a continuance for testimony on the main issues.

Appeal from the County Court of Coleman County. Tried below before Hon. F. M. Bowen.

*Snodgrass & Dibrell* and *J. A. B. Miller,* for appellant.

*J. P. Randolph,* for appellee.—By applying for a continuance of the case to procure testimony in support of a defense plead by him to appellee Roquemore's alleged cause of action, and on an issue other than that raised by his plea of privilege, appellant waived his plea of privilege and submitted himself to the jurisdiction of the court. Jolly v. Prior, 12 Texas Civ. App., 149; Floyd v. Gibbs, 34 S. W., 154.

RICE, ASSOCIATE JUSTICE.—On the 14th of November, 1907, appellant, a resident of Gonzales County, Texas, contracted in writing to sell and deliver, on the 23d of November, 1907, to H. N. Beakley, of Coleman County, Texas, f. o. b. cars at Gonzales, Texas, one car of pecans, to weigh 30,000 pounds, at four cents per pound. The Funston Dried Fruit & Nut Company, a corporation of St. Louis, Mo., though not named therein, was a party at interest in said contract. Appellant failed to deliver the pecans as provided in said contract, and it is claimed that, between the date of purchase and the date for delivery of same, pecans had advanced in price two cents per pound, whereby it is alleged that appellee Roquemore was damaged on account of said breach of contract two cents per pound on said carload. Thereafter said Beakley and said Funston company assigned said contract and cause of action thereunder to appellee Roquemore, guaranteeing its payment to him, together with the court costs and attorney's fees at Coleman, Texas, on or before June 8, 1908; and, appellant having refused to pay anything thereon, this suit was brought by appellee against him, said Beakley and the Funston company to enforce collection thereof.

Before pleading to the merits, appellant *in limine* presented his plea of personal privilege, in due form, to be sued in Gonzales, the county of his residence, and further set forth therein that said assignment of said alleged cause of action by Beakley and the Funston company was fictitious, fraudulent and without consideration, and was not made in good faith, but for the purpose of conferring jurisdiction of the matters in controversy on the County Court of Coleman County. And thereafter, among other defenses, alleged that the said Beakley, at the time of the execution of said contract, agreed to furnish him a bank guaranty, meaning thereby that said Beakley was to furnish this defendant with the guaranty of his bank at Coleman, Texas, to the effect that the draft of said Beakley on appellant for the pur-

chase price of said pecans would be paid by said bank, which guaranty was not furnished until long after the time for the fulfillment of said contract, and that, by reason of the failure of said Beakley to furnish said guaranty, he breached said contract, whereby defendant was released from all liability thereunder.

Defendants Beakley and the Funston company answered, admitting the truth of the facts set forth in plaintiff's petition, and, so far as any contest between themselves and appellant was concerned, they adopted the pleadings of plaintiff, and further answered, denying that they ever made or entered into any contract whereby they agreed to furnish appellant said bank guaranty, as claimed by him.

By supplemental petition, it was asserted on the part of plaintiff that appellant, since the filing of his plea of privilege, had waived the same on account of obtaining a continuance at the July term of said court for the purpose of procuring the testimony of one Miller, to establish his defense that Beakley had agreed to furnish him a bank guaranty, as alleged in his answer. Other matters were set forth in the supplemental answer, unnecessary to mention.

There was a jury trial, resulting in a verdict and judgment for plaintiff against appellant as principal, and appellees Beakley and the Funston Dried Fruit & Nut Company, as guarantors, for the sum of $450, together with interest thereon and costs of suit, and judgment over in favor of said guarantors against appellant for said sum, from which judgment appellant alone prosecutes this appeal.

While there are numerous errors assigned, we think, in the view we have taken of this case, that it is only necessary to consider the first, which urges that the court erred in refusing to give appellant's peremptory charge instructing the jury to return a verdict for him on his plea of privilege. The record discloses that appellant, at the time of the institution of this suit, and for many years prior thereto, was a resident citizen of the county of Gonzales, State of Texas; and while it appears that the assignment from Beakley and the Funston company of the cause of action and the guaranty of its payment sued upon herein was in the usual form, and stated as a consideration therefor the sum of $1 paid in hand, and other valuable considerations to be paid them by appellee, yet it is further shown that, at the time it was made, said parties cotemporaneously therewith executed the following contract and agreement, to wit:

"Know all men by these presents, that we, R. E. Funston Dried Fruit and Nut Company of St. Louis, Mo., and H. N. Beakley of Coleman County, Texas, parties of the first part, and G. P. Roquemore of Coleman County, Texas, party of the second part, contract and agree with each other as follows:

"1. That whereas, by conveyance and assignment of even date herewith the parties of the first part have assigned to the party of the second part all claims, demands and causes of action, liquidated and unliquidated, legal and equitable, that they jointly and severally have and hold against W. P. Waldrep & Co. and W. P. Waldrep, of the county of Gonzales in the State of Texas;

"And whereas, the consideration recited in said conveyance is $1 paid and other considerations paid and to be paid;

"Now, therefore, this instrument witnesseth, that the consideration to be paid is as follows: The party of the second part herein agrees and binds himself to pay unto the parties of the first part for said claims, demands and causes of action so assigned to him, a sum of money equal to all sums of money recovered by him in any suit he may bring against W. P. Waldrep & Co. or W. P. Waldrep, upon said claims, demands and causes of action, upon collection thereof, less a sum equal to ten percent upon the amount collected.

"2. That the parties of the first part bind themselves to pay all costs of such suit brought by the party of the second part, as may therein be adjudged against the party of the second part upon hearing of such suit, and ten percent upon the amount recovered by the party of the second part in such suit as attorney's fees."

Appellee testified that Beakley first approached him offering to sell him this contract for a consideration of $1, and for ten percent of any amount that might be recovered in the suit to be brought thereon, he returning or paying to Beakley and the Funston company ninety percent of the amount so recovered; that he had not dealt in similar contracts, this being the first that he had ever purchased; that the only amount he paid thereon was the sum of $1; that he knew at the time of its purchase that suit would have to be brought thereon, but did not know at that time that it was made for the purpose of bringing suit in Coleman County, but knew it afterwards; that he was guaranteed against the payment of attorney's fees and court costs in the event of such suit.

Counsel for appellant contends that the transfer, together with the instrument above set out, taken in connection with the testimony of plaintiff, shows conclusively that no assignment or sale of the claim was in fact made by Beakley and the Funston company to appellee, but that a proper legal construction of the two instruments, which were executed cotemporaneously, transfers to said Roquemore nothing more than ten percent of whatever he recovers; that Beakley and the Funston company are in fact the owners of nine-tenths of the claim sued upon, and that they are improperly joined as defendants in this suit, because, if the contract was a bona fide one, it creates simply a partnership between plaintiff and the defendants Beakley and the Funston company, and therefore their interests could not·be adverse.

We are inclined to agree with appellant in this contention. At most, the two instruments, when taken together, merely grant to appellee the right to bring suit against appellant on the assigned cause of action for himself and the other parties at interest, Beakley and the Funston company. And in the event of recovery, the amount thereof was to be divided between them in accordance with the terms of said agreement, appellee receiving one-tenth and Beakley and the Funston company nine-tenths thereof. This, of course, makes them joint owners in the recovery. Nor do we think that the guarantee of the payment thereof by Beakley and the Funston company would change their status in this respecst, since upon collection appellee was only entitled to retain one-tenth of the amount so collected, returning nine-tenths to them. So, at last, they are but guaranteeing the payment and collection of their own claim, and certainly they can not be

made defendants upon a guaranty in which they are beneficiaries. Hence it appears that their interest is not adverse to that of appellee, and therefore they can not be made parties defendant.

Every person to be directly affected by a judgment is a necessary party to the suit. (Summerlin v. Reeves, 29 Texas, 88; Ryburn v. Getzendaner, 1 Posey U. C., 352.) All persons materially interested in the subject matter of a suit, either as plaintiffs or defendants, should be made parties. (Moore v. Rice, 51 Texas, 293; Brackett v. Hinsdale, 2 Posey U. C., 470.)

Where a writing introduced by a plaintiff shows a joint cause of action with another, the latter should be made a party, notwithstanding he swears that he has no interest. (Stachley v. Peirce, 28 Texas, 335.) So that if the contract was a bona fide one, as appellee contends, it seems to us that it would constitute them at least joint owners of the claim, and as such they should have been made plaintiffs, and could not, because of their joint interest, have been made defendants, as was undertaken in this case. And hence the improper joinder of Beakley as defendant, whose residence was in Coleman County, could not confer jurisdiction upon that county over appellant, a resident of Gonzales County, for which reason the plea of privilege should have been sustained.

But, if we are in error in this, we nevertheless believe that the contract, in connection with the testimony of plaintiff himself, shows that the assignment and guaranty of the cause of action was made for the sole purpose of bringing this suit against appellant in Coleman County, and thereby evading the law which granted him the right to be sued in Gonzales, the county of his domicile. The right to be sued in the county of one's residence is a substantial right; and it is a well-settled proposition that a defendant can not be sued out of the county of his residence by the joinder of fictitious or improper parties. (Henderson v. Kissam, 8 Texas, 46; Pool v. Pickett, 8 Texas, 121, 122.) Nor can the same be done by a fictitious assignment of a cause of action. (Jones v. Austin, 6 Texas Civ. App., 505, 26 S. W., 144.)

It is said in Brown on Jurisdiction, sec. 35, p. 95, that: "The convenience of parties, the saving of expense in procuring witnesses, the acquaintance of jurors with the parties, all require that actions should be brought in the district or county where the parties reside, and this is particularly applicable to defendants."

In treating of the same subject, it is said by Judge Hemphill, in Henderson v. Kissam, supra, where a party had been joined by mistake: "But if the plaintiff elect to sue jointly, and a fiction be created to draw the real defendant from his own to a remote county, he must abide by his choice. If he discontinue in time he may have the benefit of a new suit; but let him discontinue when he will, or let the fiction be brought to light at any stage of the proceedings, if the real defendant have not voluntarily submitted to the jurisdiction, the fact must operate a defeat of the whole suit. The unsubstantial shadow having vanished in the light of truth, and the flimsy foundation upon which the suit rested having been swept away, the superstructure must fall."

Appellee . contends, however, that appellant has waived this right. The facts in support of this contention are as follows: This suit was brought to the July term of the court, at which time, it appears from the record, appellant first filed his plea of privilege in due order of pleading, calling the same to the attention of the court, and asking that the same be first submitted, but the court ruled that the same should be tried with the main case, which was accordingly done. But during the progress of the trial some depositions, taken by appellant for the purpose of establishing his defense on the merits of the case, were returned into court. Whereupon a motion was made by appellee to quash the same, which was sustained by the court. Thereupon appellant moved to continue the cause in order to retake said depositions, and the motion to continue was granted over the objection of appellee. At the October term of the court the case was again called for trial, and appellant again insisted upon his plea of privilege, which the court again directed should be tried with the main case. Appellee insists that, since appellant failed or omitted at the time that the case was continued, to state that the motion made therefor by him was without prejudice to his plea of privilege, that the same was therefore waived.

We are not inclined to agree with this contention. It is true that article 1269, Revised Statutes, requires that pleas to the jurisdiction, pleas in abatement and other dilatory pleas and demurrers not involving the merits of a case, shall be determined during the term at which they are filed, if the business of the court will permit. And that article 1291, Revised Statutes, provides that when a case is called for trial the issues of law arising on the pleadings, and all pleas in abatement and other dilatory pleas remaining undisposed of, shall be determined; and it shall be no cause for the postponement of a trial of the issues of law that a party is not prepared to try the issues of fact. And rule 24, for the government of District Courts, provides that all dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court. And all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried. But it will be observed that these provisions may be dispensed with by agreement, and it is not required unless the business of the court will permit. We think that appellant did all that was required to be done, for the reason that he presented his plea and demanded a ruling thereon before a trial upon the merits; but the court determined, as it had the power to do, to hear the plea together with the main case. Therefore appellant, so far as the first term of the court was concerned, properly presented the same. Now can the fact that, during the progress of the case, an unexpected contingency happens whereby he was forced to apply for a continuance, be held a waiver of his plea, simply because at the time of making the motion he did not again insist upon a hearing of his plea of privilege? It seems to us that it was not necessary to have so urged it in order to preserve his right. In State v. Woodville, 13 Texas Civ. App., 217, 35 S. W., 861, a somewhat similar question to

the one under consideration was passed upon by the court, and it was held that the plea of privilege was not waived. In that case the suit was brought on a liquor dealer's bond in Nacogdoches County, the principal and sureties therein residing in Galveston County; but the bond was given to enable the principal to engage in business as a retail liquor dealer in Nacogdoches County. At the first term of the court they filed a plea in abatement to the jurisdiction of the District Court of Nacogdoches County over their persons and asserted their privilege of being sued in Galveston County. At the same term of court they filed their original answer; and afterwards, on October 10, the case was continued by consent. At the next March term the State moved to strike out the plea in abatement, but the motion was overruled and the plea sustained, and the suit dismissed. The State having appealed, it was said by Justice Garrett in delivering the opinion: "We do not think the plea to the jurisdiction was waived by the continuance of the case. The statute only requires such pleas to be disposed of at the first term if the business of the court will permit. Rev. Stats., arts. 1296, 1291. The plea was filed in due order of pleading, and was not waived or abandoned by the filing of the answer. It may not have been convenient for the court to take it up at the first term, or the parties may not have been there ready to try the issue presented by it."

In Hartford Fire Ins. Co. v. Shook, 35 S. W., 737, it was held that, under District Court rule 24 above quoted, that where the court refused to try the plea of privilege to be sued in another county until the whole case was ready for trial, that the defendant did not waive his plea of privilege by not requesting the disposition of such plea when the case is called for trial until after the jury had been empaneled and the presentation of the petition.

The reasoning in Aldridge v. Webb, 92 Texas, 122, 46 S. W., 224, leads us to conclude that if the plea of privilege had been called to the attention of the court in that case at the first term, and a refusal on the part of the court to act upon it except in connection with the trial upon the merits, and that thereafter, during the progress of the trial, a continuance under such circumstances had been asked and obtained, that the court in that case would have held that the plea had not been waived. Justice Denman, in concluding the opinion in said case, after quoting the statutes and commenting thereon, says: "When he brings the matter before the court it may be continued, or the court may make such orders as the condition of its docket may render necessary, and there will, of course, be no waiver."

Here, the plea was called to the attention of the court at a seasonable time and was passed to be considered with the case on its merits. This was at the first term of the court; and, under the ruling in Dorroh v. McKay, 56 S. W., 611, this would seem sufficient, because in that case it was held that a continuance at the first term of the court by agreement, without prejudice, followed by general continuances thereafter, without allusion to the plea, did not constitute a waiver thereof. We therefore hold that, under the circumstances shown by the record, the plea of privilege had not been waived.

Believing that the facts of the case clearly demanded of the trial

court a peremptory instruction on behalf of the appellant, as requested, on his plea of privilege, for both the reasons heretofore indicated, and that it erred in refusing to give said charge, it becomes our duty to reverse and remand this cause, with instructions to the trial court to sustain appellee's plea of privilege, and to change the venue of this case to the County Court of Gonzales County, as required by the acts of the Thirtieth Legislature, pp. 248-9, chapter 133, and to make all other necessary orders therein, as prescribed by said Act. (See Lumpkin v. Story, 49 Texas Civ. App., 332, 108 S. W., 485; Stevens v. Polk County, 58 Texas Civ. App., 153, 123 S. W., 618, recently decided by this court.)   And it is so ordered.

*Reversed and remanded.*