## JONES et al. v. HOLTZEN.

(Court of Civil Appeals of Texas. Amarillo. Oct. 28, 1911. Rehearing Denied Nov. 25, 1911.)[1]

1. PLEADING (§ 64*) — PETITION — SEPARATE COUNTS—NECESSITY.

One may not recover both on an express contract and on a quantum meruit, and hence both causes of action may not be declared on in the same count.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. § 64.*]

2. PLEADING (§ 53*) — PETITION — SEPARATE COUNTS—BREACH OF CONTRACT.

One may, by the use of separate counts, state causes of action in the alternative on an express contract, and on quantum meruit in case the express contract fails of proof.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 114–117; Dec. Dig. § 53.*]

3. TRIAL (§ 251*) — INSTRUCTIONS—APPLICABILITY TO PLEADINGS.

Where a defendant agreed to pay plaintiff a part of the commissions realized on all sales made to any purchaser procured by plaintiff, and the contract continued in existence, everything done by plaintiff in the way of procuring purchasers must be deemed to have been done under the contract, and his right to recover must be based on the contract, so as to make it error to submit to the jury his right to recover on a quantum meruit.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 251.*]

Appeal from Wichita County Court; M. F. Yeager, Judge.

Action by D. Holtzen against J. P. Jones and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Edgar Scurry and Montgomery & Britain, for appellants. Huff, Barwise & Bullington and Geo. Smoot, for appellee.

HALL, J. This suit was brought by appellee to recover commissions alleged to be due him, and his cause of action is stated in two separate counts. The first count declares upon a contract made with "J. P. Jones Land Company, a firm composed of J. P. Jones and W. E. Cobb, acting through J. P. Jones." The defendants filed sworn pleas, denying the partnership. Both parties admit in their briefs that no evidence was introduced in support of the first count, and it will not be further noticed here.

The second count declares first upon an agreement "with J. P. Jones, a real estate agent at Wichita Falls." This is followed by statements of transactions between appellants and appellee, the owner of the land and the purchaser, set out in such order and manner as to render it uncertain, from the allegations, whether appellee was seeking a judgment against J. P. Jones upon an ex-

[1] This appeal was filed in the Court of Civil Appeals for the Second Supreme Judicial District of Texas at Ft. Worth January 14, 1911, and transferred to this court by order of the Supreme Court July 1, 1911.

press contract, or against J. P. Jones and W. E. Cobb upon a quantum meruit, or against Jones upon the contract and Cobb upon a quantum meruit, and it was equally uncertain as to the amount sought to be recovered whether one-half of the commissions already received by Jones or one-half of the amount received by him, and to be hereafter received, or one-half of all commissions and one-half of the profit made by Cobb, or by Cobb and Jones, out of the sale of said land. Appellants excepted specially to the second count on the ground that it was uncertain, contradictory, ambiguous, duplicitous, and in the alternative, and we think these exceptions should have been sustained. Appellee, having elected to state his case in separate counts, was bound to observe the rules governing that method and plead his case accordingly. There was no prayer in the alternative.

[1] He could not recover against Jones both upon a contract and a quantum meruit. His right to a judgment upon one theory precluded his right to a judgment upon the other, and both theories should not have been declared upon in the same count.

[2] Under proper allegations, made in separate counts, he might have introduced evidence entitling him to recover, either upon the express contract or for the reasonable value of his services, in the event the existence of a contract was successfully denied by Jones, as well as against Cobb upon any theory maintainable.

There was no allegation as to the amount, if any, that had been received, either by Jones separately or by Cobb, as commissions or compensation.

[3] Reference to the statement of facts shows that appellant Jones admitted the existence of a contract between himself and appellee, though somewhat different in terms to the one declared upon and testified to by appellee. His testimony shows that prior to the time he moved into the office with his codefendant, Cobb, he had agreed to pay appellee part of the commissions realized by him upon all sales which he might make to any purchaser brought to him by appellee, and that said contract was still in existence. Under this state of facts, everything done by appellee, in the way of procuring purchasers and carrying them to the office of the said Jones, must necessarily have been done under the contract. It follows that his right to recover against appellant Jones, if any he had, must have been based solely upon the contract. It was therefore error for the court to submit to the jury, as was done in the second paragraph of his charge, the question of appellee's right to recover against Jones upon a quantum meruit. The jury having found against appellants jointly an amount equal to one-third of the commissions already received by them leads us to conclude that they were misled by the latter part of the second paragraph of the court's charge.

The question of variance between the contract, as set out in appellee's petition, and the one testified to by Jones, and the further question of the right of appellee to recover a portion of the $200 not yet paid, but evidenced by J. A. Kemp's conditional due-bill, may not arise upon another trial, and it will not be passed upon by us now.

The testimony of Hatcher and Wildermuth was admissible upon the measure of appellee's recovery against W. E. Cobb alone and should have been so limited by the court.

For the errors above specified, the judgment is reversed, and the cause remanded.