## HALEY v. PEARSON.   (No. 10321.)

Court of Civil Appeals of Texas.   Dallas.
Feb. 16, 1929.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Shires & Pearson and S. P. Sadler, all of Dallas, for appellee.

VAUGHAN, J.   Appellee, as plaintiff in the court below, filed his original petition September 8, 1927, in which it was alleged that: "On or about July 15, 1927, the defendant entered into an oral contract with plaintiff, plaintiff acting by and through his agent, A. N. Barker, by which contract and agreement plaintiff gave to defendant his listings of a certain piece of real estate (description omitted); that plaintiff gave to defendant his said listings on said property in consideration of the agreement of defendant to sell said property and to give to plaintiff one-half of the commissions to be earned by defendant, in case he should make a sale of said property."

Appellee further alleged that appellant, as

a broker, acting under said agreement, sold the property of which listings were so given to him to one Dr. Oscar M. Marchman, and received on account of such sale a commission in the sum of $1,000, and that appellee was entitled to one-half of said sum, to wit, $500. At the time of the filing of said petition, appellee sued out a writ of attachment, which was levied on real estate belonging to appellant. To said original petition, appellant filed his original answer on October 1, 1927, consisting of a general demurrer, four special exceptions, and a general denial. On or about January 18, 1928, appellee amended his original petition by inserting therein at the close of paragraph 1 thereof the following language, so as to make same a part of his count declaring on an expressed contract, namely: "That there was at all times herein mentioned a custom between real estate agents and brokers in the City of Dallas, wherein, if one agent or broker gave to another agent or broker listing of real estate, as herein set forth, that the commissions realized by virtue of giving such listing, would be divided share and share alike between such brokers."

On the 23d day of January, 1928, appellant filed his first supplemental answer containing a general demurrer, four special exceptions, and a general denial, to appellee's petition, as changed by said interlineation. Appellant filed his first and second motions to dissolve the writ of attachment. Said motions were overruled, and the action of the court in this respect will not be reviewed; same not being necessary to the disposition of this appeal. Appellant's general demurrer and his four special exceptions to appellee's petition, as originally filed, and his four special exceptions to appellee's petition, as amended by said interlineation, were each overruled. Trial was had before the court without the aid of a jury and resulted in judgment in favor of appellee, Pearson, against appellant, Haley, for the sum of $500, with the foreclosure of attachment lien on real estate levied upon, except the portion thereof which represented appellant's homestead.

■ Appellant, by special exception No. 6, being No. 1 as contained in his supplemental answer, asserted that said petition as so amended was defective in form, in that "the same as interlined sets up two duplicitous, ambiguous and contradictory causes of action, and does not put the defendant on notice as to which of said contradictory causes of action plaintiff intends to rely." As amended by said interlineation, appellee apparently declared on an expressed contract and on an implied contract in one count. By his petition, as originally filed, appellee's cause of action was based upon an expressed oral contract. Did the interlineation, added to the cause of action as originally pleaded, become a part of one and the same count, and

within its own terms allege a cause of action based upon an implied contract through custom alleged by such interlineation? If so, said exception should have been sustained. A cause of action upon custom can only arise by implication that, by the contract made, the parties intended that a custom then prevailing, as to the subject-matter of their contract, should become a part thereof as one of its controlling features, essential to complete the contract intended to be entered into. We do not think that it conclusively appears from said interlineation that it was the purpose of the pleader in making same to allege another cause of action, viz., an implied contract based upon custom; for just as clearly it can be drawn from the "count" excepted to that said interlineation was made by way of explanation of the oral contract alleged to have been made, or as stating a reason why the terms of such oral contract were in fact agreed to. In this state of uncertainty, we do not think the court erred in overruling said special exception. In this connection, we think it advisable to say, if this was in fact the purpose of the interlineation, then such purpose should be alleged with more certainty. However, if by said interlineation it was intended by appellee to declare both upon an expressed contract and an implied contract based upon custom, then two counts should have been employed—one for claim based upon an expressed contract, and one for claim based upon an implied contract pleaded in the alternative, with appropriate prayer for relief. Jones v. Holtzen (Tex. Civ. App.) 141 S. W. 121; Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358; Booth v. Houston Packing Co. (Tex. Civ. App.) 105 S. W. 46; Thames v. Clesi et al. (Tex. Civ. App.) 208 S. W. 195.

■ A. N. Barker, a witness for appellee, testifying in person, was permitted to testify over appellant's objection as to usages and customs between real estate brokers, as follows: "I am familiar with the usage and custom among real estate agents in the city of Dallas in reference to commissions. There is such a custom and I know what that custom is, and knew what it was in 1927. Where two real estate agents are both working to sell a certain piece of property and when such piece of real estate is finally sold, then each of such agents is entitled to one-half of the commission fee, unless otherwise agreed upon." And by oral deposition, to testify as follows: "There is a custom among real estate agents with reference to the amount of commissions to be collected in case a sale is consummated, and that commission is five per cent, and it is also customary in Dallas, Texas, that when one real estate agent turns over to another real estate agent a piece of property that the commission will be split and divided equally in the case of a sale or trade."

Appellant objected to the admission of said testimony on the grounds that same was immaterial and irrelevant, in the absence of further testimony that the contracting parties agreed to be bound thereby, or that the custom was so general and so well established that any one dealing in that trade would be presumed to know it. Said objections should have been sustained. Appellee failed to introduce testimony to the effect that appellant and appellee agreed to be bound by the custom so testified to, or that they knew of such custom and contracted in reference thereto, or that such custom was so general and so well established that any one dealing in the business of a real estate agent would be presumed to know it. Davie v. Lynch & Blakeley, 1 White & W. Civ. Cas. Ct. App. p. 382, § 696; Missouri Pacific Ry. Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776; Chateaugay Ore & Iron Co. v. Blake, 144 U. S. 476, 12 S. Ct. 731, 36 L. Ed. 510; Johnson & Moran v. Buchanan, 54 Tex. Civ. App. 328, 116 S. W. 875; Oxford v. Rogers (Tex. Civ. App.) 238 S. W. 295; Elliott on Contracts, vol. 2, §§ 1682, 1696, 1699, and 1709; Beach on Modern Law of Contracts, vol. 1, § 750, p. 912; Clark on Contracts, pp. 582–584.

■ Appellant's seventh proposition, namely: "Where the uncontradicted evidence showed that A. N. Barker was a joint owner with plaintiff Pearson of the cause of action sued on, if any, Barker was a necessary party plaintiff, and it was fundamental error for the court to render judgment against the defendant in the absence of Barker being made a party plaintiff"—will have to be sustained. The evidence established without conflict that the property involved was listed by one J. D. B. Baker with the witness A. N. Barker, and not with plaintiff, or with said Barker as the agent of and acting for plaintiff in securing the listing of said property.

Said A. N. Barker and appellee Pearson worked together under an agreement whereby appellee received 40 per cent., and said Barker 60 per cent., of the commissions collected on sales of property made by said Barker. Appellee paid all office expenses, including rent. As to Barker's interest in the $500 sued for, he testified as follows: "I have an interest in whatever may be recovered in this suit, or whatever we may recover. I will get sixty per cent. of it and Mr. Pearson will get forty per cent. * * * I receive no salary but work for part of the commission on real estate sales. The business transacted by me is transacted in the name of W. F. Pearson, I acting as his agent. My earnings depend entirely upon the amount of business I produce. On the real estate sales I make, when same are consummated and collections made, then I get sixty per cent. of whatever fee for commission we collect."

Appellee did not testify in any respect as to the character of arrangements he had with said A. N. Barker. Appellee sued for the equal division between himself and appellant of the real estate commission of $1,000, and alleged that appellant and appellee had agreed upon such equal division; that appellant had collected the whole commission and had failed and refused to divide the same with appellee. The evidence clearly established that appellee was not entitled, if entitled at all, to recover all the commission sued for, but, to the contrary, that he had only a 40 per cent. interest therein; in other words, that appellee and said Barker were jointly interested in the cause of action; therefore said A. N. Barker is a necessary party to enforce the right of recovery, as shown by the proof to exist, if at all, in said Barker and appellee jointly. As the interest of said Barker was necessarily affected by the judgment rendered, appellee could not alone maintain the suit; hence, it was fundamental error for the trial court to render judgment in appellee's favor. Barmore v. Darragh et al. (Tex. Civ. App.) 227 S. W. 522; Waldrep v. Roquemore et al., 60 Tex. Civ. App. 138, 127 S. W. 248; McKay v. Phillips et ux. (Tex. Civ. App.) 220 S. W. 176; Dawson v. George (Tex. Civ. App.) 193 S. W. 495; Stachely v. Peirce, 28 Tex. 328; Barlow v. Linss (Tex. Civ. App.) 180 S. W. 652; Hanner et ux. v. Summerhill et al., 7 Tex. Civ. App. 235, 26 S. W. 906; Houston & T. C. Ry. Co. v. Hollingsworth, 2 Willson, Civ. Cas. Ct. App. p. 149, § 173.

■ Because said Barker did not join in the suit as a plaintiff, the cause will be remanded in order that said Barker may become a party plaintiff, or be made a party defendant, if he should refuse to join as a party plaintiff. It follows as a natural sequence that the writ of attachment and levy thereof will necessarily be quashed and vacated, as the right of action did not reside alone in appellee, at whose instance and for whose sole benefit the writ of attachment was sued out and levied upon appellant's property, as if he was justly indebted to appellee in his individual right in the full amount sued for, and appellee would probably lose his debt, viz., the sum of $500, if said writ of attachment was not issued, when as a matter of fact appellee only had a joint interest in the debt sued for with said Barker.

The costs of attachment proceedings will be taxed in the court below against appellee and the sureties on his attachment bond, and the costs of this appeal will be taxed against said appellee.

On account of the errors above pointed out, this cause is reversed and remanded for further proceedings in accordance with this opinion, and the writ of attachment levied upon the property of appellant is, in all respects, quashed and vacated.

Reversed and remanded.