## MOORE et al. v. RICE.

### No. 1352.

Court of Civil Appeals of Texas. Eastland.

Jan. 18, 1935.

Rehearing Denied Feb. 15, 1935.

G. E. Smith, of Comanche, for appellants.

Oscar Callaway, of Comanche, and John L. Poulter, of Fort Worth, for appellee.

LESLIE, Justice.

The plaintiff, Jesse W. Rice, filed this suit setting up a cause of action based upon the alleged breach of a contract on the part of T. M. Jones to bequeath to him the real and personal property which he owned at his death. The defendants are W. C. Moore, individually and as administrator of the estate of the said T. M. Jones, deceased, Virgie Moore, wife of the said W. C. Moore, Henry Jones, Oat Jones, Cora Whitley, and husband; the defendants, other than the administrator Moore, being the nieces and nephews of the said Jones. The plaintiff alleged that in reliance upon the agreement whereby said Jones obligated himself to bequeath said property to him at his death, he, plaintiff, resided with, and performed many years' services for said Jones on his farm, and otherwise complied with the terms of the alleged agreement.

The defendant Moore, administrator of the estate of the deceased, filed a plea in abatement to the plaintiff's suit, presented a general demurrer, and special exceptions to the petition, as well as general denial of the facts alleged. Other defenses were urged, but it is unnecessary to state them at this point.

The trial court overruled the plea in abatement, as well as the general demurrer and special exceptions. The trial proceeded before the court and jury, and upon the jury's answers to special issues a judgment was rendered in favor of plaintiff for $4,000, found to be the reasonable value of the plaintiff's services from February 5, 1918, to the death of T. M. Jones. The judgment fixed the amount thereof as a claim against the estate and required the payment thereof prior to the distribution of any of its assets to the other defendants and heirs of T. M. Jones.

The administrator has appealed, and the first assignment of error and proposition thereunder present the contention that the trial court erred in overruling the plea in abatement. The point made is that the suit was prematurely filed, since the plaintiff's pleadings disclose that an administration was pending on the Jones estate, and that the claim asserted by the suit is a "claim for money" within the meaning of article 3530, R. S. 1925, and, as such, had not been presented to the administrator for approval or rejection.

We think there was no error in overruling the plea in abatement. As we interpret the plaintiff's suit, it was one primarily for property, and, therefore, not such a claim as must be presented to an administrator and by him rejected as a predicate for suit. This point is decided in Barlow v. Anglin (Tex. Civ. App.) 45 S. W. 857. The primary cause of action asserted by the plaintiff is believed to be one for property which Jones owned at his death, and is alleged to have agreed to bequeath to the plaintiff. The allegations in this particular are to the effect "at various times said agreement was acknowledged and written memorandums showing such contract were contained and expressly stated in writing in various letters written by said T. M. Jones in his own handwriting and duly signed by him." As said in Anderson v. First National Bank of El Paso, 120 Tex. 313, 38 S.W. (2d) 768, 769, "The primary cause of action fixed the status of the demand."

Further, if it could be said that the plaintiff's suit is not primarily for property, then it must necessarily be one for damages

for the alleged breach of the deceased's contract to bequeath his real and personal property to the plaintiff. A suit for damages flowing from a breach of such contract would not be upon a "claim for money" required to be presented to the administrator and by him rejected prior to the institution of suit thereon. Bullion v. Campbell, 27 Tex. 653, and authorities there cited; Anderson v. First National Bank of El Paso, supra, and authorities there cited; 14 Tex. Jur., p. 34, § 287.

The more particular discussion of the nature of the plaintiff's suit made in the disposition of the next assignment of error will furnish additional reasons in support of the above conclusions.

We come to a more difficult question, presented by the second assignment of error and the proposition thereunder, to the effect that the trial court erred in overruling the defendants' general demurrer to the plaintiff's second amended original petition, in that throughout its different paragraphs it set out and alleged inconsistent and contradictory statements, falsifying themselves, and otherwise failing to state a provable cause of action. After a careful consideration of the point, this court is of the opinion that the trial court erred in overruling the general demurrer. Briefly, and in the outset, we hold that said petition violates the cardinal rules of good pleading which require that the litigant in seeking to recover on inconsistent theories set forth with certainty in separate counts, or by alternative allegations, the facts relied upon for recovery, and that the facts within a count, or alternative plea, be consistent with each other and constitute a proper predicate for the relief sought. The statute relating to such matters prescribes that the plaintiff's pleadings shall "consist of a statement in logical and legal form of the facts constituting the plaintiff's cause of action. * * *" Article 1997, subd. 2, R. S. 1925.

With respect to the right to use alternative counts and the mode of pleading the same, rule 4 for District and County Courts, 142 S. W. xvii, provides: "The plaintiff * * * may state all of his facts, so as to present together different combinations of facts, amounting to a cause or causes of action, as has been the usual practice, or he may state the cause or causes of action in several different counts, each within itself presenting a combination of facts, specifically amounting to a single cause of action, which, when so drawn, shall be numbered, so that an is-

sue may be formed on each one by the answer."

A grouping of consistent facts is contemplated by the rule, and when a plaintiff elects to plead in separate counts, or to allege causes of action one alternative to the other, the allegation in each count, or alternative plea, must be complete and sufficient in themselves to support a judgment. Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W. (2d) 185, 186. Further, it is permissible in one count to refer to and adopt the allegations of another, thereby saving repetition, but this would be no deviating from the rule. 33 Tex. Jur., p. 463. The vice in the plaintiff's pleading consists in his failure to expressly, or by reference, group the particular and consistent facts warranting a certain or definite relief sought, and present them by counts or alternative averments. This manner of pleading is condemned by the authorities generally. Barry v. Screwmen's Benevolent Ass'n, 67 Tex. 250, 3 S. W. 261; Rowe v. Horton, 65 Tex. 89; Fowler v. Davenport, 21 Tex. 626, 627; Hillebrant v. Booth, 7 Tex. 499; Jones v. Holtzen (Tex. Civ. App.) 141 S. W. 121, 122. For numerous other authorities, see 33 Tex. Jur., p. 421, § 10, notes 17a and 18.

In the opinion last cited, recovery was sought upon mixed and mingled allegations apparently setting out breach of an express contract, and also rights on the basis of quantum meruit. In that opinion it is said that the plaintiff "could not recover against Jones both upon a contract and a quantum meruit. His right to a judgment upon one theory precluded his right to a judgment upon the other, and both theories should not have been declared upon in the same count. Under proper allegations, made in separate counts, he might have introduced evidence entitling him to recover, either upon the express contract or for the reasonable value of his services, in the event the existence of a contract was successfully denied. * * *" In stating the above conclusions, we do so with due regard for the rule that there is in our system of pleading no qualification, or abridgement, of the litigant's right to plead matters that are inconsistent, if such matters are presented at the same time in due order and in separate or alternative counts. In other words, consistency is not required between separate counts, but the facts constituting, or going to make up a particular count, or alternative plea, must be consistent with each other. Rotsky v. Kelsay Lumber Co., 118 Tex. 180, 12 S.W.(2d) 973; Illinois Bankers' Life Ass'n

v. Floyd (Tex. Com. App.) 222 S. W. 967; 33 Tex. Jur., p. 420, § 10, notes.

In the application of the foregoing rules to the plaintiff's pleading, thereby reaching the conclusion that the trial court erred in overruling the general demurrer, we interpret the plaintiff's pleading as follows:

The preliminary parts thereof set forth, along with other matters, the death of T. M. Jones, the appointment of W. C. Moore, administrator of the estate, and that he has continued to act as such. In the second paragraph there appears a history of his relation to the deceased, and how he came to be a member of the latter's household. In this it appears that the parents of the plaintiff died when he and his two sisters were small children; that they were placed in an orphans' home in New Mexico, from which place the said Jones obtained custody of the plaintiff after the marriage of the said Jones to the plaintiff's grandmother; that the plaintiff became a member of the Jones household in 1915, and remained such under the terms of the above contract until the death of the latter, performing for him the services agreed upon.

In the third paragraph the plaintiff alleges after he was taken into the Jones household, his two sisters were admitted to the same, and that upon their marriage said Jones voluntarily gave each a farm.

In the fourth paragraph plaintiff alleges that on the marriage of the grandmother to the said Jones she owned a separate estate in cash amounting to $2,000; that the grandmother desired to deliver the same to the said Jones in trust for plaintiff (Jesse W. Rice) "upon his becoming 21 years of age," and a short time before the death of the plaintiff's grandmother it was agreed between her and the said T. M. Jones that her said estate would be left in the hands of the said T. M. Jones to be held in trust by him for the use and benefit of the plaintiff, and to be delivered to him on the death of the said T. M. Jones. That this sum so delivered became mixed and mingled with the personal estate of the said T. M. Jones, and that the latter promised and agreed to deliver to this plaintiff the grandmother's estate "with the balance of his estate at his death." In this paragraph he further alleges "plaintiff would further show that he has never received any part of said property." The prayer is in part for specific performance of the contract and "that he recover the title and possession of each and every item of property hereinabove described," etc.

The fifth paragraph, or division of plaintiff's petition, reiterates the subject of the agreement or contract between himself and Jones, stating that the same was made about February 5, 1918, the date of his grandmother's death, and that he performed the services contemplated "relying upon the *promise and agreement* that said Jones would leave his estate at his death to this plaintiff." (Italics ours.)

The sixth paragraph is to the effect that although the original agreement between the parties was oral, thereafter at various times "said agreement was acknowledged and written memorandums showing such contract were contained and expressly stated in writing," etc., by the said Jones.

The seventh paragraph alleges that the deceased failed to compensate the plaintiff "according to the contract and promise" except to the extent of $30 per month, beginning January 1, 1932, which was accepted for five or six months without any intention on plaintiff's part to modify or change the original agreement. To this point in said pleading the suit is predicated on an express contract, and it would be fair to say it was a written contract as well. At least, it was alleged to be evidenced by letters and memorandums in writing. Notwithstanding the nature of the suit is for property, as appears in the preceding paragraphs of the petition, the pleader, at this point, without alternative allegations, or separate counts, introduces the eighth paragraph, which is as follows: "Plaintiff would further show that acting in good faith under the contract above alleged he performed labor and services for a period of 16 years and that the reasonable value of such services was the sum of $8,000.00."

After injecting the theory of recovery—quantum meruit—into the pleadings in the manner stated in the excerpt, the pleader again takes up the thread of the express contract and alleges that when the original contract was made on February 5, 1918, that it was uncertain how long Jones would live, and uncertain how much services the plaintiff would have to perform, and that "it was then and there contracted and agreed" that in any event the value of the services to be performed should be "the value of all of the said property owned by T. M. Jones" at his death.

While this may be, and doubtless is, the proper measure of damages for the breach of such a contract, it is clear that the pleadings hereinbefore referred to are made up of intermingled allegations pertaining to (1) a cause of action for the recovery of property;

(2) for damages for the breach of a contract to bequeath same; and (3) for the quantum meruit value of said services. The different theories have not been presented alternatively, or in separate counts, although the allegations sound in as many different theories of recovery.

Paragraphs 10 and 11 mark a departure from the course of the preceding parts of the pleading. Here the plaintiff evidently sues for damages for the breach of an express contract to bequeath an estate. In one place he alleges he does not know whether or not Jones in his lifetime executed a will at all. He then alleges he has reason to believe it was executed, and so alleges, and that it has fallen into the hands of the defendants. The pleader then proceeds in the same connection to allege that Jones died suddenly and "failed to keep his contract with plaintiff," etc., to his damage in the sum of $10,000, the value of the personal and real estate owned by deceased at his death.

Again, without alternative allegations, or separate counts, the plaintiff, in the twelfth paragraph of, the petition, in a measure reasserts the plaintiff's right in the estate under the contract, and says on the death of the said Jones, the said Moore qualified as an administrator, took the possession of the estate, and "has failed and refused to recognize the right and title of this plaintiff to said property, and has wrongfully excluded plaintiff from the possession of the same. * * *"

The immediately preceding paragraph would seem to contemplate recovery (1) of damages by reason of the conversion of personal property, and (2) also the title and possession of real estate, but the logical connection of what has been previously alleged to *that which follows in the thirteenth, fourteenth, and fifteenth paragraphs* of the petition is not made to appear from the pleadings. For instance, in the thirteenth paragraph it is alleged that Jones at his death July 28, 1932, "was seized and possessed by a fee simple title" of a 640-acre tract of land of the value of $1,000, and of various items of personal property of different alleged values. That on *October 14, 1931*, the said Jones "in part performance of the contract before mentioned" placed "plaintiff in actual possession of said above described" 640 acres of land "and vested the same in him in fee simple forever," and that the plaintiff took exclusive possession of said land and made definite valuable improvements thereon "with the full knowledge, permission and consent of the said T. M. Jones"; that the plaintiff held said

land until dispossessed by the administrator; and that the defendants have ousted the plaintiff of his lawful possession of the land, the reasonable rental value of which is $300 per annum.

These allegations set forth in substance a suit in trespass to try title against the defendants. In the outset it was alleged Jones died July 28, 1932, seized and possessed of said estate, including the 640 acres of land, and in a connected and related paragraph the plaintiff specifically alleged that "immediately after the 14th day of October, 1931, the said T. M. Jones placed and put this plaintiff in actual possession of said 640 acres of land and vested in him the fee simple title thereto." He alleges, in substance, that such possession was accompanied by a payment of the consideration in services, and that he made valuable and permanent improvements upon the land with the consent of Jones.

If the fee-simple title to this property vested in the plaintiff on or about October 14, 1931, it is difficult to understand how Jones at his death, July 28, 1932, could have died seized and possessed of a fee-simple title to the same property. These inconsistent allegations embraced in a single count are not permissible under the rules of pleadings, and in the very nature of things not provable.

One of the pertinent rules of pleading which we think the plaintiff has consistently violated is aptly stated by Judge Stayton in Barry v. Screwmen's Benevolent Ass'n, 67 Tex. 250, 3 S. W. 261, 263: "In the other paragraph of the petition, copied above, we have an averment that E. A. Smith, as treasurer, was indebted to the plaintiff in the sum sued for, on account of money which came into his hands as shown by the exhibit, which, at and before the twenty-fourth day of July, 1885, he converted to his own use. As said in Hillebrant v. Booth, 7 Tex. [499] 501: 'It is an elementary and primary requisite of a good plea that it be capable of proof, and consequently that it be true. The pleader must state the facts on which he relies according to the truth of the case, or his pleading will not avail him on the trial. Truth, and of course consistency, is essential to the validity of any pleading; hence, if it judicially appear to the court from the defendant's own admissions or statements in his plea that it is untrue, it will be of no validity. If the averments be inconsistent, and thus contradict and falsify themselves, they cannot be susceptible of proof. A plea setting up as a defense failure of consideration, which alleges that such failure consisted in the existence and non-exist-ence of a given fact, presents on its face an absurdity, and of consequence must be invalid.' This rule applies to the pleadings of either party. If the conversion of the fund took place before July 24, 1885, it could not have occurred on that date; and, if it took place on or at that date, it could not have occurred before." See, also, Wood v. Security Pet. Co. (Tex. Civ. App.) 282 S. W. 943; 33 Tex. Jur., § 10, p. 421, note 18, and the authorities there cited; p. 461, § 43; Townes' Texas Pleading (2d Ed.) p. 478.

The sixteenth paragraph alleges that Moore, the administrator, and the other defendants converted certain portions of the personal property to the damage of the plaintiff in the sum of $5,000, and in the seventeenth paragraph he claims the right to have the original contract enforced and to recover the title and possession to all of said property, or the value of such parts as he may not be able to recover in kind.

The foregoing is believed to be a fair statement of the substance of the plaintiff's petition, as well as the manner in which the various facts are alleged. The only theory of recovery presented to the jury is quantum meruit, or for the reasonable value of the services performed by plaintiff for Jones. Though some such theory or ground of recovery was briefly mentioned in paragraph 8, set out above, and interspersed between the allegations seeking to recover the property, or to recover damages for the alleged breach of the contract to bequeath the same, we are of the opinion that the pleadings taken as a whole, or in separate paragraphs, do not properly and sufficiently set forth any grounds for recovery on the theory of a quantum meruit for his services.

The authorities generally hold that a cause of action upon a quantum meruit is different from a cause of action on an express contract, and that unless these causes of action are pleaded in the alternative, or in different counts, evidence cannot be introduced on that cause of action not so pleaded, nor would a judgment on either of such causes of action be sustained, unless that particular cause of action is so pleaded. Thames v. Clesi et al. (Tex. Civ. App.) 208 S. W. 195; Jones v. Holtzen (Tex. Civ. App.) 141 S. W. 121; Morrison v. Bartlett (Tex. Civ. App.) 131 S. W. 1146; Broussard v. South Texas Rice Co. (Tex. Civ. App.) 120 S. W. 587; Felton v. Talley, 31 Tex. Civ. App. 336, 72 S. W. 614; Haley v. Pearson (Tex. Civ. App.) 14 S. W.(2d) 313.

It is also held that the pleadings are not sufficient to warrant a judgment in either instance upon a mere plea in the prayer for relief in the alternative, but that the cause of action should be raised by separate counts, specially pleaded, as a basis for the prayer in the alternative. Thames v. Clesi, supra.

We cannot escape the conclusion that the plaintiff's pleadings contained no separate count or pleading in the alternative, raising the question of recovery on the basis of quantum meruit. The appellee in this case cites several authorities to sustain his contention that the pleadings were sufficient as against the general demurrer. We have considered these authorities, and think each of them affirms the rules of law employed by this court in disposing of the point under consideration. See 33 Tex. Jur. 461, § 43, and authorities there cited.

There are other questions raised by the appellants, but they pertain to such matters as in all probability will not arise upon another trial, if any.

For the reasons assigned, we are of the opinion that the trial court erred in overruling the defendants' general demurrer. The assignment presenting the point is sustained, and the judgment of the trial court is reversed and the cause remanded.