## GENERAL EXCHANGE INS. CORPORATION v. COLLINS.

No. 13615.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 29, 1937.

Herbert Marshall, of Dallas, for appellant.

Preston Calvert, of Grand Saline, for appellee.

SPEER, Justice.

This suit was instituted in the county court of Van Zandt county, Tex., by appellee, S. Tom Collins, against appellant, General Exchange Insurance Corporation, on a policy of insurance issued by appellant on July 2, 1934, and effective for twelve months thereafter.

Allegations were made that appellee was the owner of a certain automobile, and that he purchased from appellant the insurance for a valuable consideration paid, and that said contract insured appellee against loss by theft of the automobile described therein, and promised to pay, in case of loss, the sum of $582.

It was averred that the car was stolen during the life of the policy, and that appellant became indebted to appellee thereunder in the sum of $582; other damages were alleged, but were properly stricken from the pleadings by the court under special exceptions of appellant.

A copy of the policy sued upon is attached to appellee's petition as a part thereof. Among other things, the contract provides as follows: "General Exchange Insurance Corporation * * * in consideration of the stipulations herein named and of the premiums hereinafter specifically mentioned, does insure the dealer and the purchaser named below, and the General Motors Acceptance Corporation, as their interests may appear, and their legal representatives * * * to an amount not exceeding the actual cash value of the property at the time any loss or damage occurs. * * *"

Further provisions of the policy as pleaded show the "Dealer" as Sides Fowler Chevrolet Company, and the "Purchaser" to be S. Tom Collins, and by another clause in the policy it is said: "Acknowledgment is hereby made of the notice of the existence of a lien on the herein described automobile, in favor of said Dealer, or General Motors Acceptance Corporation, or their assignees."

The appellant answered by general demurrer, special exceptions, general denial, and special pleas to the effect that the loss sustained by appellee was not such as was covered by the policy, and that in no event was it liable for the amount named in the policy, but was only liable, if at all, for the reasonable cash value of the automobile at the time of the loss. It further alleged that there was a chattel mortgage lien on the automobile in favor of the "Dealer" or its assignee, the General Motors Acceptance Corporation, securing an indebtedness against the insured property, and that any amount that it may owe under the contract was to the parties named in the policy as their respective interests may appear.

The case was tried to the court without a jury. Judgment was rendered for appellee for $550, less $64.10 found by the court to be due General Motors Acceptance Corporation. From that judgment an appeal was perfected by appellant to the Dallas Court of Civil Appeals, and by order of the Supreme Court the case has been transferred to this court for consideration.

The first assignment of error to engage our attention is one which is fundamental

in its nature and will require a reversal of this cause. It raises the question of necessary parties.

■ The policy of insurance upon which appellee based his cause of action was in favor of the "Dealer," the "Purchaser," and "General Motors Acceptance Corporation," as their interests may appear. The policy also named Sides Fowler Chevrolet Company as dealer, the appellee as the purchaser, and specially acknowledged the existence of a mortgage on the automobile in favor of General Motors Acceptance Corporation. It follows that any losses that should or did accrue under the contract were payable to the three named parties, as their respective interests should appear. The appellee alone seeks a recovery on the policy without reference to the rights of either of the other two named beneficiaries. A recovery was had by appellee, and the rights of the two remain unsettled by the court.

■ In the statement of facts there appears apparently an objection by appellee to an intervention by some one proposed by appellant's attorney; the objection was overruled, but there is nothing in that proceeding to indicate who attempted to intervene; the overruling of the objection would indicate that the right of intervention was permitted to some one, but there are no pleadings shown in behalf of an intervener, nor can we know whether it was either of the parties in whose favor the policy ran. A recitation in the judgment shows the court overruled an objection of appellee to the right of General Motors Acceptance Corporation to intervene. There is some testimony showing that General Motors Acceptance Corporation held a lien on the automobile to secure an indebtedness of $350.46 at the time the car was stolen. The judgment of the court did not attempt to adjudicate any rights of the beneficiaries under the policy other than those of appellee, although the indebtedness shown to be due the General Motors Acceptance Corporation was deducted by the court from what was found to be the value of the car, and judgment rendered for appellee for the remainder, yet this did not bind the mortgagee, because it was not a party to the suit. It is a well-settled rule of law in this state that, before a binding judgment can be rendered in a cause, all the necessary parties must be before the court. Some of the decisions so holding are: Stachely v. Peirce, 28 Tex. 328; Fort Worth, etc., Ry.

Co. v. Williams, 82 Tex. 553, 18 S.W. 206; Hanner v. Summerhill, 7 Tex.Civ.App. 235, 26 S.W. 906 (writ refused); Waldrep v. Roquemore, 60 Tex.Civ.App. 138, 127 S. W. 248; Barlow v. Linss (Tex.Civ.App.) 180 S.W. 652 (writ refused). Many more of a like nature could be cited.

■ The failure to make all persons interested in the outcome of a suit parties, when the facts are disclosed by the record, constitutes fundamental error and will require the reversal of a judgment rendered in their absence. Adams v. Bankers' Life Co. (Tex.Com.App.) 36 S.W.2d 182; Barmore v. Darragh (Tex.Civ.App.) 227 S.W. 522; Haley v. Pearson (Tex.Civ.App.) 14 S.W.2d 313.

■ There are other assignments of error presented which we need not here discuss, because, for the error above mentioned, the case must be reversed and they will not likely occur again; but for the guidance of the trial court upon another trial, we mention only two. The contract of insurance sued on provided: "This Company's liability for loss or damage to the automobile described herein shall not exceed the actual cash value thereof at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated accordingly, with proper deduction for depreciation, however caused, and without compensation for loss or [of] use, and shall in no event exceed the limit of liability, if any, stated herein."

The court found the reasonable cash value of the automobile at the time of the theft to be $550, and rendered judgment for appellee for that amount, less $64.10, found to be due the General Motors Acceptance Corporation; the salvage of the recovered automobile was sold for $238.50 and applied on appellee's indebtedness against the car, and in this way appellee recovered $724.-40 for the loss. This was in violation of the terms of the contract, and the court will take cognizance of the above provision of the contract upon another trial.

■ Then, too, the trial court admitted in evidence, over the objections of appellant, the testimony of the county attorney and sheriff, as to statements made by the person who stole the automobile, while he was testifying before the court that tried him for the offense. For several good reasons this testimony was inadmissible in the case at bar. 17 Tex.Jur. p. 656, § 275. This

testimony should not be permitted upon another trial.

For the errors pointed out, the judgment of the trial court must be reversed and the cause remanded; new parties should be made, and other matters herein pointed out should be observed.

Reversed and remanded.