## BUCHANAN v. BOWLES. (No. 1594.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1920. Rehearing Denied Feb. 18, 1920.)

EVIDENCE ☞568(4)—QUESTION OF VALUE OF SERVICES FOR JURY, ALTHOUGH ESTIMATE OF PLAINTIFF IS UNCONTRADICTED.

Where testimony of plaintiff, in an action to recover on a quantum meruit, was that he put in 89 days' work and that he had been accustomed theretofore to charge $3.50 per day for such labor and had previously worked for the defendant and charged her at this rate, jury was not bound to adopt such estimate of the value of plaintiff's services, although uncontradicted.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Suit by W. R. Buchanan against Ada Bowles. Judgment for defendant, and plaintiff appeals. Affirmed.

R. A. Sowder, of Lubbock, for appellant. Bean & Klett, of Lubbock, for appellee.

BOYCE, J. The plaintiff in this case sued to recover on a quantum meruit for labor performed for defendant in the repair of a house and for foreclosure of a mechanic's lien on the property on which the work was done. The case was submitted to the jury, and the jury found that the reasonable value of the work done by plaintiff was much less than his claim therefor. Judgment was rendered on this verdict, from which the plaintiff takes this appeal.

The only testimony as to the value of the work performed is to be found in the evidence of the plaintiff and that of one Davis, who helped him do the work. It appears to be undisputed that plaintiff and his helper put in together 89 days' work. Plaintiff testified that he had been accustomed theretofore to charge $3.50 per day for such labor and had previously worked for the defendant and charged her at this rate. The only direct testimony that tends to contradict the of the work is an intimation contained in evidence offered by plaintiff as to the value the testimony of one of the appellee's witnesses that the plaintiff and his helper were killing time on the job.

All of the appellant's assignments are based on the contention that under the evidence the court should have given a peremptory instruction to the jury to find that $311.50 was the reasonable value of the labor performed for the defendant, and that the finding of the jury for a lesser amount was contrary to and unsupported by the evidence because the evidence as to such matter was undisputed. On questions of value the jury is not bound to adopt the estimate of any of the witnesses testifying in relation thereto, though the testimony is uncontradicted. Houston Belt & Terminal Ry. Co. v. Vogel, 179 S. W. 268 (writ of error denied); Head v. Hargreave, 105 U. S. 45, 26 L. Ed. 1028; Fowle v. Parsons, 160 Iowa, 454, 141 N. W. 1049, 45 L. R. A. (N. S.) 181 and note; Zimmer v. Kilborn, 165 Cal. 523, 132 Pac. 1026, Ann. Cas. 1914D, 368; R. C. L. vol. 11, p. 586. While the verdict in this case may not be what we, ourselves, might have found if the case were originally submitted to us on the testimony as it appears in the record,

we do not think that we should, under the law governing us in such matters, set it aside on this appeal.

The judgment is therefore affirmed.