ELLIOTT-GREER OFFICE SUPPLY COMPANY V. C. C. MARTIN.

No. 6444.   Decided October 23, 1936.
(86 S. W., 2d Series, 635.)

*Wm. H. Evans, Bean & Klett,* all of Lubbock, for plaintiff in error.

Where defendant (plaintiff in error) pleaded and introduced evidence showing that plaintiff (defendant in error) had acted dishonestly toward his employer by giving to other concerns part of his employer's time to sell commodities other than those that he was employed to sell, without his employer's knowledge or consent, at a time when he was under contract to work diligently for his employer, defendant was entitled to have its affirmative defenses submitted to and passed upon by the jury. Graves v. Haynes (Com. App.), 231 S. W., 385; Texas P. & L. Co. v. Culwell (Com. App.), 34 S. W. (2d) 822; Freybe v. Tiernan, 76 Texas, 291, 13 S. W., 370; Capitol Hotel Co. v. Rittenberry, 41 S. W. (2d) 712.

*Tom Garrard* and *Lockhart & Brown,* all of Lubbock, for defendant in error.

On proposition that writ of error should be dismissed. Armour & Co. v. Tomlin (Com. App.), 60 S. W. (2d) 204.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The parties will be referred to as in the trial court. Plaintiff, C. C. Martin, sued defendant, Elliott-Greer Supply Company, for breach of contract. The contract was in writing and was for one year. After working thereunder about three months plaintiff was discharged. He sued for commissions which he alleged he would have earned under the contract for the remaining nine months of the contract time. In the district court he recovered the sum of $900.00 and this judgment was affirmed by the Court of Civil Appeals. 54 S. W. (2d) 1068.

Defendant sought to justify its action in discharging plaintiff by alleging many acts of dishonesty and disloyalty, and particularly that while employed by it plaintiff had engaged in other lines of business. In this connection the Court of Civil Appeals made the following finding:

"We think the testimony does uncontradictedly show that appellee did sell and attempt to sell life insurance and some fire insurance, and that by overwhelming preponderance of the evidence that this occurred during business hours."

Briefly the terms of the contract were as follows:

1.  Defendant engaged plaintiff for a period of one year to represent it as salesman, giving him the exclusive right to sell the supplies of defendant in a large territory.

2.  There was an agreement to allow specified commissions on the sale of various articles when sold at certain prices.

3.  The Company was obligated to furnish plaintiff with an automobile in which to travel; the plaintiff to pay the expenses of upkeep and repair and the expenses incident to traveling.

4.  There was an agreement on the part of plaintiff to "diligently work the territory in an endeavor to secure business."

5.  The defendant was to advance plaintiff the sum of $65.00 per week to be charged against his commissions.

6.  Plaintiff agreed to "work diligently," and to put forth an honest effort to collect all money due the Company on the due dates and to forward it immediately to the Company's office.

7.  Plaintiff was to pay one-half of the premium on an automobile public liability policy which was to be carried on the automobile which he used.

The pleadings and the evidence clearly raised issues as to dishonest acts on the part of plaintiff towards defendant with reference to the business, in addition to showing that plaintiff devoted a part of his time to other lines of business. Defendant requested the trial court to submit the following issue to the jury: "Do you find from the evidence that the plaintiff was acting dishonestly towards the defendant at the time he was discharged?"

The court refused to submit this issue. The action of the trial court in refusing to submit this issue was sustained by the Court of Civil Appeals, and the reason therefor is stated in this language:

"So far as we are able to ascertain from a complicated statement of facts, every instance of claimed dishonesty was explained by appellee in such a way as to show that appellant condoned and ratified such alleged acts. Obviously appellant is in no position to complain if it either expressly or impliedly acquisced in or condoned and ratified these. It is undoubtedly

true as a legal proposition that the employee must act honestly toward his employer and the position of appellant as an abstract proposition of law is correct, but the trial court was justified in refusing the requested instruction in the form asked because it ignored the issue made by appellee's testimony of a knowledge of, acquiesence in, and ratification by, appellant of the acts in question."

■ In this there was error. The plaintiff did not plead any acts of ratification or condonation on the part of defendant. There can be no question but that the acts pleaded by defendant, some of which were supported by evidence, were amply sufficient to justify the discharge of plaintiff. Defendant specially pleaded that it discharged him because of such acts. It certainly had a right to have an issue or issues embodying this defense submitted to the jury. If the jury answered such issues favorably to defendant, then in order for plaintiff to show that defendant was not justified in discharging him it was incumbent on him to allege and prove acts of waiver or condonation and request issues submitting that matter to the jury. The case of G. A. Kelly Plow Company v. London, 59 Texas Civ. App., 208, 125 S. W., 974; Id. 155 S. W., 556, is decisive of this question, and the opinion in that case in this regard is approved by us.

■ While there was no assignment of error in the application for writ of error complaining of the action of the Court of Civil Appeals in construing the written contract, and we cannot consider the effect of said ruling upon the disposal of the case here, yet in order to avoid probable error on another trial we state that it is our conclusion that the contract between the parties by the clearest implication entitled defendant to the exclusive services of plaintiff; and plaintiff was not entitled to give a portion of his working time to representing other parties and handling other lines of business.

The judgment of the trial court and of the Court of Civil Appeals are hereby set aside and the cause is remanded.

Opinion adopted by Supreme Court October 23, 1935.