## GENERAL EXCHANGE INS. CORPORATION v. YOUNG.

### No. 5204.

Court of Civil Appeals of Texas. Amarillo.

Oct. 7, 1940.

Clayton & Bralley, of Amarillo, for appellant.

C. R. Carpenter and Ronald Smallwood, both of Lubbock, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the County Court of Lubbock County by the appellee, Paul Young, against the appellant, General Exchange Insurance Corporation, to recover the sum of $325 on a fire insurance policy together with 12% penalty and an attorney fee in the sum of $150.

The appellee pleaded that on December 26, 1938, the appellant issued to him a fire insurance policy for one year in the sum of $325 on one used 1935 Chevrolet automobile payable to himself, the Butler Fuller Pontiac Company and the General Motors Acceptance Corporation as the interest of each was made to appear if the car was damaged or destroyed by fire. He alleged in no event should the total insurance paid exceed the actual cash value

of the automobile which he says was burned on May 21, 1939, and was of the value at that time of $325.

The appellee asserts that since the destruction of the car the appellant has paid the Butler Fuller Pontiac Company and the General Motors Acceptance Corporation or their assigns all the right, claim or interest had by them or either of them in said car; that neither of them is a necessary party to this suit for that reason and prays judgment for the sum of $325, the face of the policy, with 12% penalty and attorney's fees.

The appellant, General Exchange Insurance Corporation, answered by general demurrer, numerous special exceptions, general denial and pleaded specially that the loss if it occurred was not due to any fact or condition under which liability was enforceable under the terms of the policy and such loss was not within the intent, purpose or intention of the insurance provisions of the policy.

In response to special issues submitted the jury found that the Chevrolet car involved in this controversy was accidently damaged by fire about May 22, 1939; that the loss was total and that the actual cash value of the automobile at the time of the loss was $250. On these findings the court rendered judgment for the appellee against the appellant for $122.39, the difference between the value of the car, $250 as found by the jury, and the sum of $127.61, which the court found had been paid to the General Motors Acceptance Corporation by the appellant.

The appellant challenges as error the action of the court in overruling its exceptions presenting the question of a nonjoinder of parties.

■ The appellee pleaded that the policy was payable to him and to the Butler Fuller Pontiac Company of Lubbock and to the General Motors Acceptance Corporation as the interest of each should be made to appear. The policy stipulates that it is issued to Paul Young, Butler Fuller Pontiac Company and the General Motors Acceptance Corporation, payable to each of the insured according to the interest held by each. The appellee pleaded that the Butler Fuller Pontiac Company and the General Motors Acceptance Corporation were not necessary parties because their rights had been satisfied but certainly without conclusive proof thereof the court had no authority to adjudicate the interest, or the lack of interest, of these parties in the contract of insurance and the car unless they had been before the court. Adams v. Bankers' Life Co. et al., Tex.Com.App., 36 S.W.2d 182; General Exchange Ins. Corporation v. Collins, Tex.Civ.App., 110 S.W.2d 127; Haley v. Pearson, Tex.Civ.App., 14 S.W.2d 313.

■ The appellant presents as error the action of the court in rendering judgment against it because there is no testimony contained in the record from which a jury could determine the value of the car at the time it was burned or the value of the salvage therefrom disposed of as junk. The appellee has furnished us no brief and the rules authorize the court to accept the statement of the facts contained in appellant's brief, but in addition thereto we have searched the record but have been unable to find any testimony on the market value of the car at the time it was burned or its junk value after it was burned. Neither does the testimony show no market value or actual cash value at the place and at the time of the fire.

■ The appellant complains of the action of the court in failing to define cash market value and in overruling its exception objecting to the charge of the court for such failure. This was error. Tidal Western Oil Corporation v. Blair, Tex.Civ.App., 39 S.W.2d 1103; Dickens County v. Dobbins et al., Tex.Civ.App., 95 S.W.2d 153; Bowie Sewerage Co. v. Chandler, Tex.Civ.App., 116 S.W.2d 839.

■ The appellant urges as error the action of the court in admitting in evidence the policy over its exception and objection to the effect that the appellee had alleged an unqualified demand based solely on fire insurance and did not either by pleading or proof negative any of the limitations or exceptions in the policy by which liability for loss under many agencies was excluded. International Travelers Ass'n et al. v. Marshall, 131 Tex. 258, 114 S.W.2d 851, by the Supreme Court apparently settles this question in favor of appellant.

■ The contention that the appellee was not entitled to recover penalty or attorney's fee is sustained. Continental Mutual Fire Ins. Co. v. Walles, Tex.Civ.App., 20 S.W.2d 405.

There are several assignments in the record assailing the action of the court be-

cause certain comments he made in the presence and hearing of the jury during the trial were prejudicial and indicated the opinion of the court as to the probative force of the testimony.

 A discussion of these assignments we deem unnecessary, as we feel sure the court in the future will refrain from such comments in the presence and hearing of a jury selected to consider and determine the fact issues between litigants. It is elementary that the jury are the exclusive judges of the credibility of the witnesses and the credit to be given to their testimony and any comment thereon by the trial court is a transgression of this fundamental right guaranteed to every litigant.

The judgment is reversed and the cause remanded.