I have expressed myself upon the subject of revoking parole without according a trial by jury. Leija v. State, Tex.Cr.App., 320 S.W.2d 3; Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59.

I dissent to the affirmance of this case.

KANSAS CITY FIRE & MARINE INSUR-ANCE COMPANY, Appellant,

v.

E. P. DUNCAN, Appellee.

No. 7178.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 24, 1959.

Rehearing Denied Dec. 29, 1959.

William E. Wiggins, Texarkana, for appellant.

Harry B. Friedman, Harkness & Friedman, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a suit upon an automobile insurance policy filed by E. P. Duncan against the Kansas City Fire & Marine Insurance Company to recover damage to an automobile under the terms of the policy issued by the appellant. Judgment of the trial court awarding Duncan a recovery is affirmed.

Appellee Duncan's initial act in the trial of the case was to propose a stipulation that all issues in the case were agreed upon other than damages to the automobile and the amount of money, if any, due and owing by the insurer to the insured by reason of the damage. The appellant accepted the proposal with such modification as the following language imposes:

> "I agree to the stipulation as far as covering the issue involved as to the amount of damages sustained by the automobile, but I couldn't say that is all he is entitled to or not but there is a question as to his. equities concerning the insurance on the car and the amount of loss and the amount he owes the finance company on it."

Pursuant to this agreement the trial court submitted two special issues to the jury. The first inquired the reasonable cash market value of the automobile immediately prior to the collision and the second inquired the reasonable cash market value of the automobile immediately after the collision. The jury answered the first issue $1,495, and the second $100. Judgment. was entered upon the jury's verdict and an appeal therefrom has been perfected.

Appellant has briefed five points of error. The first three points assert error in. rendering judgment upon the verdict as it has no support in, and is contrary to, the evidence adduced relative to the cash market value of the automobile after collision.. The fourth point complains of the trial court's action in overruling appellant's motion for judgment notwithstanding the verdict, the basis of the motion being substantially that asserted under the first three points. The fifth point asserts error was. committed in denying the appellant an opportunity to show in detail the cost to repair the automobile.

Without objection, testimony was introduced by Duncan that the value of the automobile immediately before collision was $1,495 and that afterwards it was. picked up by the insurer and sold for salvage, its salvage value being $75 to $100.

The appellant offered a witness who testified the value of the automobile immediately before collision was $1,250 and immediately after $350.

■ From the facts that have been stated, it is apparent that testimony was introduced from which the jury could answer the special issues as they did. That is to say, the jury's answers lay within the limits of the evidence before them. Without objection, a witness testified the car's value before collision was $1,495; another witness testified the car's value after collision was $350. Appellant's argument is that the jury must have been influenced by evidence of the value of the salvage since their answer more nearly corresponded with the evidence of its value than it did with the evidence of the other witness who stated the value after collision to be $350. There is nothing in the record of a conclusive nature to indicate which if either witness the jury relied upon. It is the function of the jury to find facts and resolve conflicts in the testimony, and in performing this important duty the jury exclusively determines the credibility of the witnesses and the weight to be given the testimony. The jury was not bound to find the value of the automobile after collision to be $350 as assigned to it by the opinion of appellant's witness. The jury in the performance of its duty was privileged to reject all or a part of appellant's witnesses' testimony, even if it be regarded as uncontradicted. Bowie Sewerage Co. v. Chandler, Tex.Civ.App., 116 S.W.2d 839, n.w.h.; Dallas County v. Barr, Tex.Civ. App., 231 S.W. 453, n. w. h., Buchanan v. Bowles, Tex.Civ.App., 218 S.W. 652, n. w. h.; Houston Belt & Term. R. Co. v. Vogel, Tex.Civ.App., 179 S.W. 268, wr. ref. The judgment is supported by sufficient evidence and appellant's points of error one through four are respectfully overruled.

■ In connection with appellant's 5th point, the statement of facts shows that counsel for appellant asked its witness if he had made an appraisal or estimate to fix or repair the automobile on a cost of repair basis. The witness answered in the affirmative. The witness then was asked to tell the amount and he answered $720.-42. Following that answer appellant's counsel propounded this question: "That was on a cost basis?" Before an answer was made, counsel for appellee objected because the insurance policy made the insurer liable for the actual cash value of the car, stating that the insurer had taken over the salvage and there was nothing left but for the insurer to pay the actual cash value and that repair charges were not material in the case. The court sustained the objection and no answer was made and no further questions were propounded to the witness by counsel for the appellant.

■ The record thus shows that appellant was not denied an opportunity to show the cost necessary to repair the automobile as the witness testified to its cost and objection was not made until there was a repetition of the question. No effort was made to elicit further information or details, that is, no questions were asked or answers thereto excluded relative to the details of the cost of repair. Thus the record does not show any evidence to have been excluded. In order to complain of the exclusion of evidence, the details of the cost estimate in this instance, counsel must proffer evidence and show what the expected answers of the witness would have been. Johnson v. Poe, Tex.Civ.App., 210 S.W.2d 264, wr. ref., n. r. e.; Texas Associates v. Joe Bland Const. Co., Tex. Civ.App., 222 S.W.2d 413, wr. ref., n. r. e.; Bradford v. Magnolia Pipe Line Co., Tex. Civ.App., 262 S.W.2d 242, n. w. h.

No reversible error being shown, appellant's points are respectfully overruled, and the judgment of the trial court is affirmed.