A. A. MOORE, Appellant,

v.

Mrs. Ora Lorraine BARLOW, Appellee.

No. 13834.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 22, 1961.

Rehearing Denied Dec. 20, 1961.

Wood & Boykin, Robert C. Wolter, Corpus Christi, for appellant.

King, Anderson & Porter, William R. Anderson, Jr., Corpus Christi, for appellee.

POPE, Justice.

This is a suit for conversion. A. A. Moore sued Mrs. Ora Lorraine Barlow, a widow, and alleged that her husband, prior to his death converted some oil field equipment. The jury found that plaintiff owned the equipment; that Charles Barlow, defendant's deceased husband, converted it on March 28, 1958, and that its value was $6,400.00. The court granted judgment notwithstanding the verdict. Since there was evidence in support of the findings, the judgment will be reversed and rendered.

Moore testified fully about his ownership. He stated that he had an oil lease on the Barlow premises and that he also had purchased the salvage rights from Cullen W. Briggs, J. B. Shelton and R. J. Timpte, the former owners. He testified that he made the trade with Timpte, who died, and that he then completed that part of the transaction with Timpte's widow. There was proof in support of the finding of ownership. First National Bank of Colorado v. Brown, 85 Tex. 80, 23 S.W. 862.

Plaintiff proved conversion. He testified that he sent his agent to the lease premises on March 28, 1958, to begin moving the equipment. He had previously moved a separator without incident. Mr. Barlow stopped plaintiff's agent and told him, "Well, I have a shotgun that says you are not going to take it off." Plaintiff's agent then left, and plaintiff did not again return to the premises. This evidence and other testimony support the finding of conversion. Barlow's statement was the

exercise of dominion over the property. It was a repudiation of the owner's rights, and a conversion. Gulf, C. & S. F. R. Co. v. Buckholts State Bank, Tex.Com.App., 270 S.W. 1008; Pittman v. Fort Worth Warehouse & Storage Co., Tex.Civ.App., 258 S.W. 1105; Crawford v. Thomason, 53 Tex.Civ.App. 561, 117 S.W. 181. Plaintiff was under no duty to meet the threat of force with force. Sinclair v. Stanley, 69 Tex. 718, 7 S.W. 511, 518.

Mrs. Barlow argues that Moore's oil lease for the premises contained a clause which required him to move the equipment within ninety days after the end of the lease. The lease expired in January, 1959, for non-payment of rentals. In November, 1959, Mrs. Barlow sold the equipment. It is true that Moore did not return to the property at the end of the lease. He did not ever return after he was refused the right to move it on March 28, 1958. Moreover, Mrs. Barlow is right when she says that the property was hers when she sold it in November of 1959. It was hers, however, because Mr. Barlow had converted it in 1958, not because Mr. Moore did not return to the premises to see if he could move what had already been converted from him. He stood on the conversion which occurred in March, 1958, and that was his right.

 Mrs. Barlow also argues that no judgment can be rendered against her for a conversion by her husband, now deceased, because she was sued individually and not as independent executrix. The proof shows that she was the independent executrix, that there were no debts at the time of her husband's death, that the estate was fully administered, and that she was the sole devisee of a sizeable estate greatly in excess of the amount here involved. Those facts support a judgment against her for his conversion. Cook v. Baker, Tex.Com.App., 45 S.W.2d 161, 165; City of Fort Worth v. Banner, Tex.Civ. App., 328 S.W.2d 239, 241; 19 Tex.Jur.2d, Decedents' Estates, § 959; 14-A Tex.Jur., Decedents' Estates, § 815.

The findings were supported by the evidence and the court should have rendered judgment on the verdict. The judgment is reversed and here rendered in favor of plaintiff, Moore, for $6,400.00.

On Motions for Rehearing.

Defendant urges, in her motion for rehearing, that our statement in the opinion that plaintiff moved the separator prior to March 23, 1958, is in error. She calls our attention to plaintiff's pleadings and the testimony of several witnesses who testified that plaintiff moved the separator after that date. The statement is evidentiary and does not alter the jury findings which are supported by evidence and which control this case. We overrule defendant's motion for rehearing.

Plaintiff calls our attention to his prayer for recovery of interest after conversion and before judgment. On the authority of Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83, plaintiff is entitled to recover interest before judgment. Our judgment is accordingly corrected.