**LIBERTY SIGN COMPANY, Appellant,**

v.

**T. C. ARENDALE et al., Appellees.**

No. 16945.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 11, 1968.

Malone, Seay, Gwinn & Crawford, Durwood D. Crawford and Marvin Robert Blakeney, Dallas, for appellant.

DeVore, Bagby, Ashworth, McGahey, Ross & Burnett, and Clyde Robert Ashworth, Arlington, for appellee T. C. Arendale.

Parnass, McGuire & Lewis, and Howard V. Tygrett, Jr., Irving, for appellees Bill Howell, Inc., Lewisville Enterprises, Inc., and Lewisville Nat. Bank.

## OPINION

LANGDON, Justice.

T. C. Arendale purchased certain property (Ford agency) from appellee Lewisville Enterprises, Inc. Thereafter Liberty Sign Company, appellant, claimed ownership of two neon signs previously installed on the property. Arendale filed suit to prevent Liberty Sign Company from interfering with his ownership of the signs. Appellant counter-claimed for conversion of the signs and joined as joint tort-feasors the third-party defendants (appellees), Bill Howell, Inc., Lewisville Enterprises, Inc., and Lewisville National Bank. Judgment against Arendale was entered in the sum of $2,779.50, found by the jury to be the reasonable cash market value of the signs, plus exemplary damages of $1,000.00 (because of conversion), and Arendale was awarded possession of the signs. The Court entered an order that appellant take nothing from appellees Bill Howell, Inc., Lewisville Enterprises, Inc., and Lewisville National Bank. The trial court overruled appellant's motion for new trial and the appeal is from that order.

We reform and affirm.

Appellant complains of the court's refusal to submit its requested issues inquir-

ing as to whether Lewisville Enterprises, Inc., Bill Howell, Inc., or the Lewisville National Bank failed to disclose to Arendale that it did not own the signs in question and whether in each instance of a "yes" answer to such issues that such failure caused Arendale to withhold possession of the signs from Liberty Sign Company.

In answer to special issues submitted the jury found that Bill Howell, Inc., Lewisville Enterprises, Inc., and Lewisville National Bank each knew, or in the exercise of reasonable care should have known, that some third party was claiming title to the signs in question and that said appellees did not intend to convey title to said signs to Arendale. The jury further found in answer to issues submitted that said appellees did not interfere with Liberty Sign Company's attempt to remove the signs and that Arendale knew, or in the exercise of ordinary care should have known, that some third party was claiming title to the signs.

The answers of the jury to the issues which were submitted render immaterial any issues as to whether appellees informed Arendale as to ownership of the signs. Since the jury found that Arendale knew that a third party was claiming title to the signs it necessarily follows that Arendale knew or should have known that none of the appellees were claiming or purporting to convey such signs to him and thus did not cause his conversion thereof.

■ We find no error on the part of the court in refusing to submit the requested issues and in overruling appellant's objections to the charge and the issues which were submitted. Further, the trial court did not err in its refusal to submit appellant's requested instruction in connection with Special Issue No. 14 inquiring as to whether or not the sign was permanently affixed to the realty. Had the jury, in answering this issue, found that the sign was not permanently affixed rather than that it was so affixed the judgment in the case would be the same and thus it was immaterial whether the issue was submitted or not. In our opinion the court submitted the case upon the controlling issues made by the written pleadings and the evidence in conformity with Rule 279, Texas Rules of Civil Procedure.

■ It is contended that the trial court erred in its refusal to admit into evidence appellant's Exhibits Nos. 7 and 8, consisting of demonstrative evidence in the form of computation of alleged losses sustained by it. There is no contention nor is there any showing that the court abused its discretion in ruling as it did. The admissibility of such evidence "rests in the discretion of the trial court, and its rulings will not be disturbed on appeal in the absence of a palpable abuse of discretion." 23 Tex. Jur.2d 578, 579, "Evidence", § 388. See also McCormick & Ray, Texas Law of Evidence, Second Edition, Vol. 2, page 317, § 1464.

Appellant argues that the uncontroverted and undisputed evidence established as a matter of law that the market value of the signs was $11,500.00 and in support thereof relies upon 24 Tex.Jur.2d 375, § 714, and Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (Tex. Sup., 1942). In the Cochran case it was said, "It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 96 S.W.2d 788, and numerous authorities there cited. * * *" Also cited are Anchor Casualty Company v. Bowers, 393 S.W.2d 168 (Tex.Sup., 1965); Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup., 1965); and Jamison v. Sockwell, 405 S.W.

2d 618 (Dallas Civ.App., 1966, ref., n.r.e.), and other authorities to the same effect.

Appellant's president testified that the market value of the signs was between $11,000 and $12,000, at the time of conversion. The contracts in evidence reflected that Bill Howell, Inc., was to pay approximately $15,000.00 for the signs over a five year period. The appellant paid $11,500.00 to the Bank for money borrowed to finance construction of the signs. There was other evidence in the record bearing upon the value of such signs. The testimony in this regard was not "clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon," or to raise some doubt in the minds of the jury as to the value. As above reflected the President of appellant had a $1,000.00 spread in the values he testified to. His testimony was not clear, direct and positive as to a value of $11,500.00.

We are of the opinion and hold that the general rule applies to the facts of this case rather than the exception to such rule and thus, "The jury in the performance of its duty was privileged to reject all or a part of appellant's witnesses' testimony, even if it be regarded as uncontradicted. Bowie Sewerage Co. v. Chandler, Tex.Civ.App., 116 S.W.2d 839, n. w. h.; Dallas County v. Barr, Tex.Civ.App., 231 S.W. 453, n. w. h., Buchanan v. Bowles, Tex.Civ.App., 218 S.W. 652, n. w. h.; Houston Belt & Term. R. Co. v. Vogel, Tex.Civ. App., 179 S.W. 268, wr. ref." Kansas City Fire & Marine Insurance Co. v. Duncan, 330 S.W.2d 469, 471 (Texarkana Civ.App., 1959, no writ hist.).

It appears pertinent at this point to discuss the appellant's assertion that the jury's finding of $2,779.50 as the market value of the signs was the result of misconduct on the part of the jury which established its own measure of damages and thereby "prevented Appellant from recovering its proper measure of damages, as submitted by the Court."

We have very carefully examined the entire record in this cause including the court's charge, the exceptions thereto and such issues and instructions as were requested by the appellant, and are unable to find any definition of "reasonable cash market value" (the term used in the special issue which was submitted), or any exceptions on the part of appellant pointing out such omission nor any submission by the appellant of any definition or instruction relating thereto.

The jury in the instant case was deprived of any guideline in the form of a definition or instruction to aid them in determining the cash market value of the signs. The purpose of such definition and instruction is to aid the jury in confining its deliberations within well defined legal limitations in arriving at such values. Being deprived of such guidelines the jury was required to resort to its own initiative.

At the hearing on the motion for new trial, at which evidence and testimony from jurors was presented, an exhibit was placed in evidence reflecting computations made by the jury as follows:

| | |
|---|---|
| "Cost of Sign | $11,500.00 |
| "25% Maintenance | 2,875.00 |
| | 8,625.00 |
| "Rentals Paid in | 6,783.00 |
| | $ 1,842.00 |
| "5% Interest on $11,500.00 | 937.50 |
| | $ 2,779.50" |

There is evidence by way of various exhibits, including leases, etc., and testimony upon which the jury could have based all figures in its computation except the item of 5% interest, which was supplied by a juror with some financial background. This testimony by the juror as to interest was misconduct but the appellant because thereof was enriched by the sum of $937.50. Since the appellant benefited from this misconduct, he is not in a position to complain. Stated another way, misconduct which benefits the complainant is

immaterial. St. Louis, B. & M. Ry. Co. v. Cole, 14 S.W.2d 1024 (Tex.Com.App., 1929); Kissman v. Downey, 221 S.W.2d 785 (Austin Tex.Civ.App., 1949, no writ hist.); Beaumont, S. L. & W. R. Co. v. Richmond, 78 S.W.2d 232 (Beaumont Tex. Civ.App., 1935, writ dism.); Lackey v. Southland Greyhound Lines, 35 S.W.2d 739 (San Antonio Civ.App., 1931, writ ref.); Smith-Boyett Co. v. Adams, 16 S.W. 2d 925 (Waco Tex. Civ.App., 1929, writ ref.).

Rule 327, T. R. C. P., provides that, "Where the ground of the motion is misconduct of the jury * * * the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, * * * be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

■ Under this rule the one asserting misconduct must prove that such misconduct occurred, that it was material and that it probably resulted in injury. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944).

■ Assuming that misconduct is established, such conduct, under Rule 327, supra, and the decisions, may not be material or it may not be prejudicial in that there is no showing of injury to the complaining party. Further such misconduct may be waived. We are of the opinion that appellant waived any misconduct on the part of the jury in its attempt to arrive at the market value of the signs because appellant did not complain of the omission of a proper definition or instruction in connection with, "reasonable cash market value," (contained in the charge in this case), which phrase is used in the various opinions interchangeable with the phrases "cash market value" and "reasonable market value" and because of its failure to request in writing and tender a substantially correct definition or instruction in connection with the value issues as required by Rule 279, T. R. C. P.

In Bowie Sewerage Co. v. Chandler, 116 S.W.2d 839 (Amarillo Civ.App.1938, no writ hist.), the court in discussing the term "reasonable market value" said, "That the above term is a legal term with a well-defined meaning is, we think, beyond controversy. The failure of a trial court to properly define such a term in similar. situations has been held to constitute reversible error in many instances. (Authorities cited.) We have been unable to find any case in this state holding, *upon proper exception*, that the omission of such definition was not error in a situation similar to the one herein involved. * * * Granting that there was no testimony as to values except that of Stewart, such fact, in our opinion, would not render the error harmless. On the issue of value the jury was not bound to adopt the estimate of Will Stewart or any other witness, though such testimony might be uncontradicted. Buchanan v. Bowles, Tex.Civ.App., 218 S.W. 652; Houston Belt & Terminal Ry. Co. v. Vogel et ux., Tex.Civ.App., 179 S.W. 268, writ refused; Rogers & Adams v. Lancaster et al., Tex.Com.App., 248 S.W. 660." (Emphasis added.)

To the same effect see also General Exchange Ins. Corporation v. Young, 143 S.W.2d 805, 806 (Amarillo Civ.App., 1940, no writ hist.), in which it was stated, "The appellant complains of the action of the court in failing to define cash market value *and in overruling its exception* objecting to the charge of the court for such failure. This was error. Tidal Western Oil Corporation v. Blair, Tex.Civ.App., 39 S.W.2d 1103; Dickens County v. Dobbins et al., Tex.Civ.App., 95 S.W.2d 153; Bowie Sewerage Co. v. Chandler, Tex.Civ.App., 116 S.W.2d 839." (Emphasis added.)

The jury discussion of the "negligence" of the appellant in failing to file leases involving the signs for record was based upon information contained in admissions made

by appellant which were introduced into evidence. Some of the jurors remarked in essence that but for such failure to file and provide notice that their service on the jury would have been unnecessary. This conversation was not related to any definite issue or to any particular time. Assuming it was misconduct it was not material.

We are of the opinion and hold that all misconduct complained of, if it was misconduct, was not material and that no injury probably resulted to the appellant because thereof. We further hold that such misconduct, if any, regarding the jury's answer to the value issue was waived because of appellant's failure to comply with Rule 279 T. R. C. P.

The appellant complains of the court's failure to award interest on the value of the sign from date of conversion.

"If embraceable within the prayer for general relief, or specially prayed for, interest, as damages for loss of use, may be awarded. Such interest has been computed from the date of the conversion to the time of the trial, and, in other cases, until the entry, or satisfaction, of judgment." 14 Tex.Jur.2d 35, § 32, "Interest."

Interest from the date of conversion to the time of trial was specially prayed for by appellant and contained in its general prayer for relief. We are of the opinion and hold that appellant was entitled to interest at 6% on the sum of $2,779.50 (found by the jury to be the market value of the signs) from April 12, 1966, (date on which Arendale refused possession of signs and filed suit), to September 20, 1967, date of judgment, which interest amounts to $241.36.

Lone Star Mining Company v. Texeramics; Inc., 363 S.W.2d 868 (Eastland Tex. Civ.App., 1962, ref., n. r. e.); Moore v. Barlow, 352 S.W.2d 804 (San Antonio Civ.App., 1961, ref., n. r. e.).

Except for the item of interest all of appellant's points of error are overruled.

The judgment is reformed to include interest in the sum of $241.36, making a total judgment in the sum of $4,020.86, with interest from September 20, 1967, at 6% per annum.

*The judgment as reformed is affirmed.*